**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Erika Johanna Moreno Castrillon,<br>Petitioner,<br>v.<br>Pamela Bondi, et al.,<br>Respondents. | No. CV-26-06370-PHX-KML<br>**ORDER** |

Petitioner Erika Johanna Moreno Castrillon filed a petition for a writ of habeas corpus challenging her immigration detention. (Doc. 1.) Castrillon received a bond hearing on August 25, 2026, where the immigration judge ("IJ") denied bond after finding her to be a danger. (Doc. 1 at 30.) Castrillon's petition primarily challenges how the burden of proof was allocated at that hearing. (Doc. 1 at 13-27.) Her petition is denied.

It is Castrillon's burden to establish her entitlement to habeas relief. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case."). She fails to meet that burden first because she provides inconsistent facts in her petition such that the court cannot be certain of the circumstances surrounding her initial detention. (*Compare* Doc. 1 at 3, 19 (describing herself as a native and citizen of Colombia who arrived in the United States on September 2, 2021, and was detained on July 25, 2026) *with* Doc. 1 at 5 (describing herself as a "40-year old Nigerian woman who was unlawfully detained by Respondents on July 12, 2026" after residing in the United States since June 15, 2022).)

Castrillon and respondents provide evidence supporting her assertion that she is Colombian, so the court assumes she was detained on July 25, 2026, as that portion of her petition states. (*See* Doc. 1 at 34; Doc. 8-1 at 5.) She received a bond hearing on August 25, 2026, approximately a month into her detention. (Doc. 1 at 30.) Under binding Ninth Circuit authority, the timing of that bond hearing forecloses her argument that even though she had been detained under 8 U.S.C. § 1226(a) for approximately a month, the burden of proving flight and danger should have shifted to respondents (Doc. 1 at 14-26). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210-12 (9th Cir. 2022) (rejecting argument that burden should have shifted to respondents for alien "subject to § 1226(a) and its bond determination processes from the onset of his detention" who had not been subject to "prolonged" detention, "defined to mean more than six months").[1] *Rodriguez Diaz* compels rejecting Castrillon's petition. And to the extent Castrillon intended to raise arguments beyond burden-shifting by discussing evidence mitigating flight risk, this court cannot reweigh the factors underlying the IJ's bond determination. *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (in the context of a dangerousness determination, federal courts "cannot reweigh evidence" and "can only determine whether the [immigration court] applied the correct legal standard") (simplified).

Respondents invoke Castrillon's failure to exhaust as an additional reason for denying the petition. (Doc. 8 at 1, 4.) Castrillon reserved appeal of the IJ's bond denial but seemingly concedes she did not appeal. (Doc. 1 at 6-7, 31.) The court declines to excuse exhaustion and that provides a final, independent reason for dismissing the petition. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (When a petitioner has not appealed an IJ's bond decision to the BIA, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused."); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

---

[1] *Rodriguez Diaz* would still foreclose relief for the same reason if Castrillon were the Nigerian woman detained since July 12. *Rodriguez Diaz*, 53 F.4th at 1210-12.

Accordingly,

**IT IS ORDERED** the petition for writ of habeas corpus (Doc. 1) is denied and dismissed.

**IT IS FURTHER ORDERED** that any remaining pending motions are denied as moot. The clerk of court shall enter judgment in respondents' favor and close this case.

Dated this 2nd day of November, 2026.

Honorable Krissa M. Lanham
United States District Judge